Helen F. Dalton & Associates, P.C.
Roman Avshalumov, Esq. (RA5508)
*Attorney for Plaintiff*
69-12 Austin Street
Forest Hills, NY 11375
Tel. (718) 263-9591
Fax. (718) 263-9598

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
EUDILIO PALMA CASTILLO,

      Plaintiff,

          -against-                    09-CV-10374 (PAC)(JHP)

NEW TACOLANDIA, INC., D/B/A
TACOLANDIA, AND HUGO FERNANDEZ,
AN INDIVIDUAL

------------------------------------------------------------X

MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) OR ALTERNATIVELY 12(b)(1) AND PLAINTIFF'S CROSS-MOTION FOR DEFAULT JUDGMENT AGAINST THE DEFENDANT CORPORATION NEW TACOLANDIA INC., D/B/A TACOLANDIA AND TO STRIKE DEFENDANT HUGO FERNANDEZ'S ANSWER FOR FAILURE TO COMPLY WITH DISCOVERY

Plaintiff, Eudilio Palma-Castillo by and through his attorneys at Helen F. Dalton & Associates, submits this Opposition to Defendant's Motion to Dismiss and cross-moves for Default Judgment against the corporate Defendant, New Tacolandia, Inc., d/b/a Tacolandia and to strike Defendant Hugo Fernandez's Answer.

## I.   PRELIMINARY STATEMENT AND PROCEDURAL BACKGROUND

This action was commenced in the United States District Court for the Southern District of New York on or about December 22, 2009 by the filing of a Summons and Complaint alleging that the Defendants violated the Fair Labor Standards Act and New York Labor Law by failing to pay the Plaintiff the appropriate minimum and overtime wages for the seventy-two hours of work he performed per week for the Defendants' benefit during his employment with the Defendants from approximately 2001 until 2009. Please see Exhibit A for a copy of Plaintiff's Complaint.

The Defendant Hugo Fernandez responded to the Plaintiff's Complaint by an Answer, filed on June 1, 2010, almost six months after Plaintiff filed his Complaint. Please see Exhibit B for a copy of Defendant's Answer.

In December, 2010 Plaintiff forwarded his Rule 26(a)(1) disclosures to the Defendant Hugo Fernandez along with a request for responses to Plaintiff's Interrogatories and Document Demands. Plaintiff has still not received Defendant's initial disclosures or acceptable responses to Plaintiff's requests for Interrogatories and Documents. On February 17, 2011 Plaintiff submitted a letter in lieu of a Motion to Compel Discovery to Magistrate Judge Henry Pitman requesting that he compel the Defendant to comply with discovery exchange but no resolution has yet been reached as to these matters. Please see Exhibit H for a copy of the Letter in Leiu of the Motion to Compel Discovery.

Defendant Hugo Fernandez has not submitted any response to the letter requesting that the Magistrate Judge compel discovery, but on March 28, 2011, Defendant Hugo Fernandez filed a Motion to Dismiss the Plaintiff's Complaint and Plaintiff now responds in opposition to his Motion. At this time Plaintiff also cross-moves this Court to Strike Defendant's Answer for failure to comply with discovery rules

and to enter default judgment against the corporate Defendant New Tacolandia, Inc. for not filing an Answer and failing to comply with a Court Order.

## II. ARGUMENT

### A. Defendant's Motion to Dismiss Plaintiff's Complaint under Federal Rule of Civil Procedure 12(b)(6) or alternatively 12(b)(1) must be denied because they are untimely.

Federal Rule of Civil Procedure 12 requires that a "motion asserting any of the [listed] defenses [in rule 12] must be made before pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12. Defendant, Hugo Fernandez filed his responsive pleading on June 1, 2010 and thus is precluded from filing either of these motions at this late date in April of 2011.

### B. Defendant's Motion to Dismiss Plaintiff's Complaint under Federal Rule of Civil Procedure 12(b)(6) must be denied because Plaintiff's Complaint is sufficiently well pled to state a claim for which relief can be granted.

Even if this Court does not dismiss Defendant's 12(b)(6) Motion as untimely, his Motion should be denied because Plaintiff's Complaint alleges sufficient well-pled facts to state a claim to relief that is plausible on its face.

Plaintiff's Complaint has numerous allegations of the employee-employer relationship that existed between the Plaintiff and Defendants. Allegations of the relationship include but are not limited to the following references in Plaintiff's Complaint:

¶ 3 "Plaintiff ... was employed by Defendants to work as a cook and general helper at New Tacolandia, Inc., d/b/a Tacolandia from approximately 2001 until his employment was terminated on October 25, 2009,"
¶ 4-6 "Plaintiff ... worked approximately seventy-two (72) hours or more per week during the period of 2001 through October 25, 2009,"
¶ 12, "Plaintiff...was employed by Defendants at New Tacolandia, Inc., located at 77-04 Roosevelt Avenue, Jackson Heights, Ny 11372...",
¶ 24 "Plaintiff... was employed by Defendants at...etc."
¶ 25 "During his [Plaintiff's] employment by Defendants... his primary duties were...",
¶ 26, "Defendants created a work schedule,"

¶29 "...the schedule created by Defendants required Plaintiff to work approximately seventy-two hours or more per week,"
etc.

These allegations are not legal conclusions and the Defendant did not allege them to be as such in his Answer. In fact Defendant even provides some facts in his Answer that are indicative of a possible employee-employer relationship. Defendant states in ¶3 that the Plaintiff "on occasion did odd jobs," were he was "rewarded in cash," and in ¶4 that he let the Plaintiff "do cleaning jobs." Considering the pleadings in this case, the Defendant's allegation that the Plaintiff was not his "employee" is an issue of fact for the trier of fact to determine but not an issue of law because the Plaintiff's Complaint is sufficient pleading to survive a Motion to Dismiss.

Under rule 8(a)(2) of the Federal Rules of Civil Procedure, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The rule requires an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932 (1986)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft* at 1949. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

In considering a 12(b)(6) Motion the court must assume all well-pled facts as true and then determine whether the facts as alleged "plausibly gives rise to an entitlement to relief." *Id.* In his Complaint, the Plaintiff in this case made a sufficient showing of well-pled facts to survive Defendant's Motion to Dismiss. In *Zhong v. August Corp.* the same issue was raised to the Southern District of New York, and this Court held that since plaintiff's complaint alleged that the defendant was his "employer" it was "sufficient to assert that an employee-employer relationship existed between the parties." *Zhong v. August Corp.* 498 F.Supp.2d 625 (SDNY 2007), *see also Nichols v. Mahoney*, 608 F. Supp. 2d 526 (SDNY 2009). In both, *Zhong* and *Nichols,* express allegations of the employer-employee relationship between the plaintiff and defendant were "more then enough for Rule 8 purposes." *Id.*

### C. Defendant's Motion to Dismiss Plaintiff's Complaint under Federal Rule of Civil Procedure 12(b)(1) must be denied because Plaintiff has standing and this Court has subject matter jurisdiction.

Even if this Court does not dismiss Defendant's 12(b)(1) Motion as untimely, his Motion should be denied because the Plaintiff has standing to bring this action and the District Court has subject matter jurisdiction.

Federal Rule of Civil Procedure 12(b)(1) allows a defendant to challenge the court's subject-matter jurisdiction by means of a motion to dismiss. In reviewing a motion to dismiss under Rule 12(b)(1), courts must "accept as true all material factual allegations in the complaint," *Shipping Fin. Serv. Corp. v. Drakos*, 140 F.3d 129, 131 (2d Cir. 1998). "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). However the Second Circuit characterizes the plaintiff's burden as "modest." *Rodriguez v. DeBuono*, 175 F.3d 227, 233 (2d Cir. 1999). In fact, there is subject-matter jurisdiction providing the complaint "states a colorable federal claim." *Id.*

Like *Da Silva V. Kinsho International Corporation*, in this case Defendant claims lack of subject matter jurisdiction in a federal question case in an attempt to "erroneously" challenge the "merits" of Plaintiff's claims. *Da Silva V. Kinsho International Corporation* 229 F.3d 358, 361 (2d Cir. 2000). Plaintiff's Complaint alleges violations of a federal statute, the Fair Labor Standards Act, according to 28 U.S.C. § 1331, which states in relevant part that, "…district courts shall have original jurisdiction of all civil actions arising under the … laws, of the United States," subject matter jurisdiction exists as a federal question.

Defendant also alleges that Plaintiff lacks standing to bring this action and therefore subject matter jurisdiction is lacking, but he is incorrect. According to the Supreme Court an individual has standing to bring a case where they "demonstrate a personal stake in the outcome" … by showing that he has "sustained … some direct injury," as a result of "the challenged conduct," and that a "favorable" court decision will "remedy the injury." *Los Angeles v. Lyons,* 461 US 95, 101-102 (1983), see also *Lujan v. Defenders of Wildlife,* 504 US 555 (1992), and *Sierra Club v. Morton*, 405 US 727, 735 (1972). Plaintiff meets all these requirements for standing and does so in his Complaint.

Plaintiff was directly injured when the Defendants failed to pay him according to FLSA and NYLL labor and employment law guidelines, a favorable court decision in this case will award Plaintiff the money that is owed to him and satisfactorily redress his injury of non-payment. Therefore Defendant's Motion to Dismiss due to lack of standing should be denied.

### III. PLAINTIFF'S CROSS MOTIONS

**A. Plaintiff cross moves to strike Defendant Hugo Fernandez's answer in accordance with Federal Rules of Civil Procedure Rule 37(b)(2)(a)(3) or in the alternative compelling Defendant's discovery response pursuant to Rule 37(a)(3)(A) for Defendant's failure to comply with discovery requests and this Court's Order.**

Plaintiff submits this Cross Motion to Strike Defendant Hugo Fernandez's Answer in accordance with Federal Rules of Civil Procedure Rule 37(b)(2)(a)(3) or in the alternative compelling Defendant's discovery response pursuant to Rule 37(a)(3)(A) for Defendant's failure to make disclosures in contravention of a direct court order.

Federal Rule of Civil Procedure 37(b)(2)(a)(3) states in pertinent part that

> "If a party ... fails to obey an order to provide or permit discovery, ... the court where the action is pending may issue further just orders. That may include...striking the pleading in whole or in party."
> Fed. R. Civ. P. 37(b)(2)(a)(3)

On December 1, 2010 at the initial pre-trial conference a scheduling order was issued by United States Magistrate Judge Pitman which stated that, "[a]ll disclosures required by Rule 26(a)(1) shall be made no later than December 15, 2010." To the date of this Cross-Motion, Defendants have not served the Plaintiff with his initial disclosures and has made no indication that they are forthcoming. Furthermore, Plaintiff submitted to Defendants his initial disclosures and a request for responses to interrogatories and document demands on December 1, 2010 via certified Mail, United States Postal Service. The first attempt to deliver the documents failed, as they were undeliverable. However the second attempt was successful and the Defendant Hugo Fernandez signed for them on January 4, 2011. To the date of this Cross-Motion, Plaintiff has not received any

response to Plaintiff's request for interrogatories and an unacceptable response to Plaintiff's document demands. In early April Plaintiff's counsel received a response to Plaintiff's document demands dated March 25, 2011. No documents were attached and the Defendant's response to each and every request was an objection that that request would not lead to discovery of admissible evidence. Defendant's failure to attach any documents or respond in any meaningful way to any of Plaintiff's eleven demands demonstrates that Defendant did not keep accurate records of his employees work schedules, hours and wages and that the Defendant's responses are meant to obstruct Plaintiff's litigation of this matter. *Please see Defendant's "Responses and Objections to Plaintiff's Requests for Production of Documents" attached hereto as exhibit I.*

Plaintiff has attempted to contact the Defendant on numerous occasions via various methods of communication and have yet to receive any response from the Defendant regarding this outstanding discovery. Plaintiff's demands are attached hereto as Exhibit C.

If this Court does not see fit at this time to strike the Defendant's Answer the Plaintiff requests that Your Honor issue an Order compelling the Defendant's to comply with all outstanding discovery pursuant to Federal Rules of Civil Procedure 37(A) and (B). The rule allows any party to move to compel disclosure if a party fails to make the required disclosures under Rule 26(a) or any other interrogatory.

The Plaintiff cannot effectively litigate this case without discovery and the Defendant has failed to comply with discovery requests in an effort to forestall litigation of the matter.

WHEREFORE, it is respectfully requested that an Order be entered, pursuant to Fed. R. Civ. P. 37(b)(2)(a)(3) striking Defendant's Answer or in the alternative that an Order be entered pursuant to Federal Rules of Civil Procedure 37(A) and (B) compelling discovery, as well as awarding costs, attorneys' fees and further relief as this Court deems just and proper.

### B. Plaintiff cross moves for Default Judgment against New Tacolandia, Inc. for failure to submit a timely Answer in this matter and for failure to comply with this Court's Order.

Plaintiff submits this Cross Motion for Default Judgment against New Tacolandia, Inc. for failure to submit a timely Answer in this matter and for failure to comply with this Court's Order.

Federal Rule of Civil Procedure 55 states that

> "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."
> Fed. R. Civ. P. 55

The Defendant was properly served with the Summons and Complaint, to wit: NEW TACOLANDIA, INC. D/B/A TACOLANDIA, was served on December 30, 2009. Please see Exhibit G for Proof of Service on Defendants  It is now more then a year and three months since the company was served and to date, no acceptable appearance, answer or reply has been forthcoming from the Corporate Defendant in this matter.

The Defendant, and former owner of New Tacolandia, Inc., Hugo Fernandez, is a *pro se* Defendant defending his personal interest in the claim, however Hugo Fernandez cannot represent the corporation and has been advised of such.  In Honorable Magistrate Judge Pitman's Scheduling Order dated December 1, 2010 the Magistrate Judge ordered that New Tacolandia, Inc., if it is a corporation, "retain counsel" who must appear by or before January 18, 2011. After citing various cases including *Rowland v. California Men's Colony; Grace v. Bank Leumi Trust Co.;* and *Jacobs v. Patent Enforcement Fund, Inc.,* all cases which establish the necessity that a corporate defendant be represented in a lawsuit by an attorney and not by itself or a non-attorney owner or officer, Magistrate Judge Pitman then stated that if the corporation does not retain counsel that it was his "intention to issue a report and recommendation recommending that a default judgment be entered against" the corporation. *Please see, Rowland v. California Men's Colony,* 506 U.S. 194, 201-203 (1993); *Grace v. Bank Leumi Trust Co.,* 443 F.3d 180, 192 (2d Cir., 2006); *Jacbos v. Patent Enforcement Fund, Inc.,* 230 F.3d 565, 568 (2d Cir., 2000). Magistrate Judge Pitman's Order is attached hereto as Exhibit D.

It is apparent that the Defendant Corporation will not proceed with its defense. In spite of the fact that Plaintiff's counselor's office has determined that the Corporate Defendant is a proper party to this action, and has to this date proceeded in the prescribed manner to unveil his role and ultimate culpable conduct in the events which led to the within incidents, said Defendant has willfully and deliberately failed to make an appearance and defend those claims asserted against each and therefore, have defaulted.

Thus, the Defendant's default herein has been intentional or willful designed to prejudice or hamper Plaintiff's ability to litigate this action expeditiously. Plaintiff has a meritorious cause of action and it is your affirmant's belief that sound public policy and judicial equity mandates that the issues involved herein be decided on the merits.

Annexed hereto, as Exhibit E in compliance with Civil Procedure Rules for filing a default judgment motion is an affidavit from the Plaintiff attesting to the facts of the claim, the default and the amount due to each Plaintiff. Plaintiff's affidavit establishes that he is owed a total of $76,884. Please also find annexed hereto Exhibit F Plaintiff's Attorney's Affidavit concerning Defendant's breach.

WHEREFORE, it is respectfully requested that an Order be entered, pursuant to Federal Rules of Civil Procedure directing that a default judgment be entered against the Defendant, NEW TACOLANDIA, INC., D/B/A TACOLANDIA, in a sum certain of $76,884 or, in the alternative, setting this matter down for an inquest in favor of the plaintiff, assessing damages in a sum certain or for a sum which can by computation be made certain, awarding costs, attorneys' fees and sanctions to Plaintiff's attorneys, and for such other and further relief as this Court deems just and proper.

Date: April 11, 2011
Forest Hills, NY

Respectfully Submitted,

Roman Avshalumov, Esq.
HELEN F. DALTON & ASSOCIATES
Attorney for Plaintiff
69-12 Austin Street
Forest Hills, NY 11375


09-CV-10374 (PAC)(JHP)
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------X
EUDILIO PALMA CASTILLO,

        Plaintiff,

        -against-

NEW TACOLANDIA, INC., D/B/A
TACOLANDIA, AND HUGO FERNANDEZ,
AN INDIVIDUAL

-----------------------------------------------------------X

**MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) OR ALTERNATIVELY 12(b)(1) AND PLAINTIFF'S CROSS-MOTION FOR DEFAULT JUDGMENT AGAINST THE DEFENDANT CORPORATION NEW TACOLANDIA INC., D/B/A TACOLANDIA AND TO STRIKE DEFENDANT HUGO FERNANDEZ'S ANSWER FOR FAILURE TO COMPLY WITH DISCOVERY**

HELEN F. DALTON & ASSOCIATES, P.C.
Attorneys for Plaintiff
69-12 Austin Street
Forest Hills, NY 11375
Tel.: (718) 263-9591
Fax: (718) 263-9598

TO:

Hugo Fernandez
62-66 Austin St.
Rego Park, NY 11374
Tel: (917) 579-8081

## AFFIRMATION OF SERVICE

STATE OF NEW YORK :
                        ss.:
COUNTY OF QUEENS:

      **ROMAN AVSHALUMOV**, an attorney duly admitted to practice law in the United States District Court for the Eastern District of New York affirms the truth of the following under penalty of perjury:

      I am not a party to the action, am over the age of eighteen (18) years and reside in Forest Hills, New York. On April 11, 2011, I served the within

**MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) OR ALTERNATIVELY 12(b)(1) AND PLAINTIFF'S CROSS-MOTION FOR DEFAULT JUDGMENT AGAINST THE DEFENDANT CORPORATION NEW TACOLANDIA INC., D/B/A TACOLANDIA AND TO STRIKE DEFENDANT HUGO FERNANDEZ'S ANSWER FOR FAILURE TO COMPLY WITH DISCOVERY**

by depositing a true copy thereof in a post-paid wrapper, in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State, addressed to each of the following persons at the last known address set forth after each name:

Hugo Fernandez
62-66 Austin St.
Rego Park, NY 11374
Tel: (917) 579-8081

Dated:      FOREST HILLS, NY
               April 11, 2011

                                                        **ROMAN AVSHALUMOV, ESQ.**

<u>Exhibit</u>

| | |
|---|---|
| A | Plaintiff's Complaint |
| B | Defendant Hugo Fernandez's Answer |
| C | Plaintiff's Document Demands from 12/1/2010 and 12/28/2010 |
| D | Magistrate Judge Pitman's 12/1/2010 Order |
| E | Plaintiff's Affidavit |
| F | Attorney Affirmation |
| G | Proof of Service |
| H | Letter in Lieu of Motion to Compel to Magistrate Judge Pitman |
| I | Defendant's Responses and Objections to Plaintiff's Requests for Document Demands |