```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X

EUDILIO PALMA-CASTILLO, on his      :
own behalf and on the behalf
of others similarly situated,       :

                    Plaintiff,      :   09 Civ. 10374 (PAC)(HBP)

     -against-                      :   REPORT AND
                                        RECOMMENDATION
NEW TACOLANDIA INC., doing          :
business as "Tacolandia,"
and HUGO FERNANDEZ, an              :
individual,
                                    :
                    Defendants.
                                    :
-----------------------------------X
```

PITMAN, United States Magistrate Judge

TO THE HONORABLE PAUL A. CROTTY, United States District Judge,

By notice of motion dated March 28, 2011 (Docket Item 10), defendant Fernandez, who is proceeding pro se, moves to dismiss the complaint.  In his opposition, plaintiff cross moves for a default judgment against New Tacolandia Inc. ("NTI")  For the reasons set forth below I respectfully recommend that defendants' motion to dismiss be denied and that plaintiff's cross motion for a default judgment be granted in part.

This is an action brought under the Fair Labor Standards Act and the New York Labor Law in which plaintiff alleges,

in principal part, that defendants failed to pay him the applicable minimum wage and one and one-half times the minimum wage for all hours worked in excess of forty hours per week.  The complaint explicitly alleges that plaintiff worked for defendants.

Defendants' motion to dismiss is entirely based on defendants' contention that plaintiff never worked for defendants, and defendants have submitted an affidavit to that effect. On its face, defendants' motion violates the fundamental rule that a motion to dismiss cannot controvert the truth of the factual allegations set forth in the complaint. Erickson v. Pardus, 551 U.S. 89, 93 (2007); Natarelli v. VESID Office, No. 10-77-CV, 2011 WL 1486085 at *1 (2d Cir. Apr. 20, 2011); Morpurgo v. Incorporated Village of Sag Harbor, No. 10-1043-CV, 2011 WL 1252406 at *1 (2d Cir. Apr. 5, 2011).  Accordingly, defendants' motion should be denied.

Plaintiff's cross motion is directed only at NTI and arises out of an Order that I entered in this matter on December 1, 2010.  In that Order, I advised NTI that, because it is a corporation, it could only appear and defend against the complaint through an attorney.  See Rowland v. California Men's Colony, 506 U.S. 194, 201-03 (1993); Grace v. Bank Leumi Trust Co., 443 F.3d 180, 192 (2d Cir. 2006); Jacobs v. Patent Enforcement Fund, Inc., 230 F.3d 565, 568 (2d Cir. 2000).  My December

2

1, 2010 Order further advised NTI that if it failed to retain an attorney by January 18, 2011, I would recommend that a default judgment be entered against it.

Although NTI has not retained counsel, a default judgment cannot be entered against it at this time.  If plaintiff's allegations are true, both Fernandez and NTI are jointly and severally liable for plaintiff's back pay.  However where multiple defendants are jointly and severally liable, a default judgment cannot be entered against one of the defendants unless the liability of all of the defendants has been determined.  As explained by Magistrate Judge Dolinger in <u>Friedman v. Lawrence</u>, 90 Civ. 5584 (VLB), 1991 WL 206308 at *2 (S.D.N.Y. Oct. 2, 1991) (citations omitted):

> The principles governing the default of some but not all defendants in a litigation derive from the 1872 decision of the Supreme Court in <u>Frow v. De La Vega</u>, 82 U.S. (15 Wall.) 552 (1872).  The plaintiff in that case had filed a bill in equity seeking a determination of title to certain real property.  The pleading alleged that the fourteen defendants had engaged in a fraud that had deprived plaintiff of the property.  One of the defendants failed to plead, and a default judgment was therefore entered against him.  The other defendants proceeded to trial and prevailed against plaintiff.  On appeal, the Supreme Court reversed the default judgment, observing:
>
>> If the court in such a case as this can lawfully make a final decree against one defendant separately, on the merits, while the cause was proceeding undetermined against the others, then this absurdity might follow:  there might be one decree

>of the court sustaining the charge of joint fraud committed by the defendants; and another decree disaffirming the said charge, and declaring it to be entirely unfounded, and dismissing the complainant's bill. And such an incongruity, it seems, did actually occur in this case. Such a state of things is unseemly and absurd, as well as unauthorized by law.

Id. at 554.

>Subsequent interpretations have treated this holding narrowly, agreeing that it prohibits entry of a default judgment "against one of several defendants (1) where the theory of recovery is one of true joint liability, such that, as a matter of law, no one defendant may be liable unless all defendants are liable, or (2) where the nature of the relief demanded is such that, in order to be effective, it must be granted against each and every defendant." In either case, it is appropriate to enter a default, though not a judgment, against the defaulting party, thereby barring his participation in further proceedings as to the merits. . . .
>
>[I]f the liability sought to be imposed is joint and several rather than joint, most courts have held that the rationale of Frow does not directly apply, since it would not be inconsistent to hold some but not all defendants liable. Nonetheless, even if liability is joint and several and thus a default judgment may be entered, the courts have consistently held that it is appropriate to enter judgment solely as to liability and not as to the amount of damages to be assessed against the defaulting party, since a separate determination of damages would pose the prospect of inconsistent judgments. As Professor Moore observes, under such circumstances "the district court when possible should consolidate the Rule 55(b)(2) hearing required for the assessment of the defaulting party's liability with the damage aspect of the non-defaulting party."

Accord Gesualdi v. MMK Trucking, Inc., CV-09-1484, 2010 WL 3619569 at *4 (E.D.N.Y. Aug. 24, 2010) (Report & Recommendation),

adopted at 2010 WL 3619719 (E.D.N.Y. Sep. 9, 2010); Montcalm Publishing Corp. v. Ryan, 807 F. Supp. 975, 978 (S.D.N.Y. 1992).  Thus, plaintiff's cross motion should be granted to the extent of noting NTI's default and deeming its liability established.

Accordingly, for all the foregoing reasons, I respectfully recommend that defendants' motion to dismiss the complaint be denied and that plaintiff's cross motion for a default judgment against NTI be granted to the extent of noting NTI's default and deeming its liability established but denied in all other respects.

OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from receipt of this Report to file written objections.  See also Fed.R.Civ.P. 6(a).  Such objections (and responses thereto) shall be filed with the Clerk of the Court, with courtesy copies delivered to the Chambers of the Honorable Paul A. Crotty, United States District Judge, 500 Pearl Street, Room 735, and to the Chambers of the undersigned, 500 Pearl Street, Room 750, New York, New York 10007.  Any requests for an extension of time for filing objections must be directed to Judge

5

Crotty.  FAILURE TO OBJECT WITHIN FOURTEEN (14) DAYS **WILL** RESULT IN A WAIVER OF OBJECTIONS AND **WILL** PRECLUDE APPELLATE REVIEW. Thomas v. Arn, 474 U.S. 140, 155 (1985); United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir. 1992); Wesolek v. Canadair Ltd., 838 F.2d 55, 57-59 (2d Cir. 1988); McCarthy v. Manson, 714 F.2d 234, 237-238 (2d Cir. 1983).

Dated:  New York, New York
        May 9, 2011

Respectfully submitted,

HENRY PITMAN
United States Magistrate Judge

Copies mailed to:

Roman M. Avshalumov, Esq.
Helen F. Dalton & Associates, P.C.
69-12 Austin Street
Forest Hills, New York  11375

Mr. Hugo Fernandez
62-66 Austin Street
Rego Park, New York  11374-1560